Edward R. Hugo [Bar No. 124839]
Gregory S. Rosse [Bar No. 157965]
Thomas J. Moses [Bar No. 197245]
tmoses@bhplaw.com
BRYDON HUGO & PARKER
135 Main Street, 20th Floor
San Francisco, CA 94105
Telephone: (415) 808-0300
Facsimile: (415) 808-0333

Attorneys for Defendant
FOSTER WHEELER ENERGY CORPORATION

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY C. BALL, individually and as Special Administrator of the Estate of ALFRED C. BALL; and REGINALD K. BALL, an individual;<br><br>Plaintiff(s),<br><br>vs.<br><br>UNION CARBIDE CORPORATION, a corporation; FOSTER WHEELER ENERGY CORPORATION, formerly known as FOSTER WHEELER CORPORATION, a corporation; GARLOCK, INC., a corporation; OWENS ILLINOIS, INC., a corporation; RAPID AMERICAN CORPORATION, a corporation; and DOES 1 through 150, inclusive,<br><br>Defendants. | (ASBESTOS)<br><br>USDC Case No. 07-CV-2392-W-POR<br><br>San Diego Superior Court Case No. 37-2007-00081444-CU-PO-CTL<br><br>DEFENDANT FOSTER WHEELER ENERGY CORPORATION'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION TO REMAND (**TWO OF FIFTEEN**)<br><br>Date: February 19, 2008<br>Time: 10:30 a.m.<br>Dept. D-7<br>Judge: Hon. Thomas J. Whelan |

# EXHIBIT 1

CASEY, GERRY, SCHENK,
FRANCAVILLA, BLATT & PENFIELD, LLP
FREDERICK SCHENK, Bar No. 086392
JESSICA E. KLARER, Bar No. 249212
110 Laurel Street
San Diego, CA 92101
Telephone: (619) 238-1811
Attorneys for Plaintiffs

FILED
CIVIL BUSINESS OFFICE 9
CENTRAL DIVISION
2007 NOV -8 P 3:39
CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF SAN DIEGO**

RODNEY C. BALL, individually and as Special Administrator of the Estate of ALFRED C. BALL; and REGINALD K. BALL, an individual,

Plaintiffs,

v.

UNION CARBIDE CORPORATION, a corporation; FOSTER WHEELER ENERGY CORPORATION, a corporation, formerly known as FOSTER WHEELER CORPORATION, a corporation; GARLOCK, INC., a corporation; OWENS ILLINOIS, INC., a corporation; RAPID AMERICAN CORPORATION, a corporation; and DOES 1 through 150, inclusive,

Defendants.

CASE NO. 37-2007-00081444-CU-PO-CTL

COMPLAINT FOR DAMAGES (WRONGFUL DEATH)

COMES NOW the plaintiffs and for causes of action against defendants, and each of them, complain and allege as follows:

1. On June 15, 2007, after the foregoing cause of action arose in his favor ALFRED C. BALL, (hereinafter referred to as "Plaintiffs' Decedent") died. ALFRED C. BALL, deceased, would have been the plaintiff in this action had he lived.

2. Plaintiff RODNEY C. BALL is one of the surviving children and an heir of the Estate of the plaintiffs' decedent. Plaintiff REGINALD K. BALL, an individual is the other surviving child of plaintiffs' decedent and heir to the Estate of plaintiffs' decedent.

3. Plaintiff RODNEY C. BALL will be appointed Special Administratrix of the Estate of ALFRED C. BALL, deceased, by the Superior Court of California, County of San Diego.

4. Plaintiff RODNEY C. BALL will be appointed qualified and acting Special Administrator of the Estate of ALFRED C. BALL, and brings this action for the benefit of all survivors, heirs at law and next of kin of the decedent. Plaintiff brings this action as specified in Section 377(b) of the Code of Civil Procedure on behalf of the surviving heirs of ALFRED C. BALL, deceased.

5. The true names and/or capacities, whether individual, corporate, associate, governmental or otherwise, of defendants, DOES 1 through 150, inclusive, are unknown to Plaintiffs at this time, who therefore sue said defendants by such fictitious names, and when the true names and capacities of said defendants have been ascertained, Plaintiffs will amend this complaint accordingly. Plaintiffs are informed and believe, and thereupon allege upon such information and belief, that each defendant designated herein as DOE is responsible negligently, or in some other actionable manner, for the events and happenings hereinafter referred to, and caused injuries and damages proximately thereby to Plaintiffs' Decedent, as hereinafter alleged.

6. Plaintiffs are informed and believe, and thereupon allege upon such information and belief, that at all times mentioned herein, Defendants, and each of them, were the agents, servants, employees, and/or joint venturers of their co-defendants and were, as such, acting within the scope, course, and authority of said agency, employment, and/or joint venture; and that defendants, and each of them, ratified and approved the acts of his agents and employees; and that each defendant was responsible in some manner for the injuries to Plaintiffs' Decedent.

7. Plaintiffs are informed and believe and thereupon allege, upon such

information and belief, that at all times mentioned herein, defendants UNION CARBIDE CORPORATION, a corporation; FOSTER WHEELER ENERGY CORPORATION, a corporation, formerly known as FOSTER WHEELER CORPORATION, a corporation; GARLOCK, INC., a corporation; OWENS ILLINOIS, INC., a corporation; RAPID AMERICAN CORPORATION, a corporation; and DOES 1 through 150, inclusive, are corporations organized and existing under and by virtue of the laws of the State of California, or the laws of some state of the United States of America, or some foreign jurisdiction, and that said defendants were and are authorized to and are doing business in the State of California, and that said defendants have regularly conducted business in the State of California.

8. Additionally, decedent ALFRED C. BALL was exposed to asbestos-containing products manufactured by other asbestos manufacturers however, these manufacturers and/or suppliers are not being named as defendants at this time because plaintiffs understand that such action would risk contempt of the respective bankruptcy courts.

**FIRST CAUSE OF ACTION**

(Negligence)

9. Plaintiffs reallege, as though fully set forth at length, and incorporate herein by this reference, each and every allegation set forth above.

10. During the time periods relevant hereto, Plaintiffs' Decedent, ALFRED C. BALL, served in the United States Navy from 1955 to 1969 as an engineer and boiler technician.

11. While serving in the United States military Plaintiffs' Decedent was exposed to the toxin asbestos, for a substantial length of time, by one or more of the products researched, tested, manufactured, fabricated, designed, assembled, distributed, leased, bought, sold, installed, inspected, serviced, repaired, marketed, advertised, distributed, used, and/or handled by each defendant. Such exposure was reasonably foreseeable to Defendants.

12. Within the statutory time period, Plaintiffs' Decedent learned, as a direct and proximate result of his exposure to Defendants' asbestos and asbestos-containing products in the above-described manner, that asbestos and asbestos fibers, particles, and substances, were lodged in his lungs and body; that he had sustained serious, permanent injuries to his body, lungs, and respiratory system; and that he was suffering from a malignant, asbestos-related lung cancer whose known cause is exposure to asbestos and/or asbestos-containing products. Due to Plaintiffs' Decedent's exposure to each defendant's asbestos and asbestos-containing products, Plaintiffs' Decedent died on June 15, 2007, and the exposure to Defendants', and each of their asbestos and asbestos-containing products was a substantial factor in causing the death of Plaintiffs' Decedent.

13. During the time of Plaintiffs' Decedent's employment with his aforementioned employers, Plaintiffs' Decedent was exposed to asbestos from one or more of the products researched, tested, manufactured, fabricated, designed, assembled, distributed, leased, bought, sold, installed, inspected, serviced, repaired, marketed, advertised, distributed, used, and/or handled by defendants, and each of them, including, but not limited to insulation products containing asbestos.

14. As a result of the aforementioned exposure to one or more of the asbestos-containing products researched, tested, manufactured, fabricated, designed, assembled, distributed, leased, bought, sold, installed, inspected, serviced, repaired, marketed, advertised, distributed, used, and/or handled by defendants, and each of them, the toxin asbestos entered Plaintiffs' Decedent's body.

15. As a direct and proximate result of his exposure to asbestos, herein above described, Plaintiffs' Decedent sustained serious, permanent injuries to his body, lungs, and respiratory system from which he ultimately died on June 15, 2007.

16. Each defendant knew, or should have known in the exercise of reasonable care, that the asbestos-containing products which they researched, tested, manufactured, fabricated, designed, assembled, distributed, leased, bought, sold, installed, installed, supplied, inspected, serviced, repaired, marketed, advertised, distributed, used, and/or

handled were, and are, harmful to the body, lungs, respiratory system and cardiovascular system of persons installing, handling, and/or using them; of persons in the immediate vicinity of said products' installation, use, and/or handling; and of persons interacting and/or living with persons that at have asbestos particulates on their clothing.

17. At all times mentioned herein, defendants, and each of them, negligently and carelessly researched, tested, manufactured, fabricated, designed, assembled, distributed, leased, bought, sold, installed, supplied, inspected, serviced, repaired, marketed, advertised, distributed, used, and/or handled the products containing asbestos and asbestos fibers, particles, and substances that Plaintiffs' Decedent was exposed to, that became lodged in Plaintiffs' Decedent's lungs and body, and that ultimately caused Plaintiffs' Decedent's death.

18. Plaintiffs' Decedent's injuries and death were directly and proximately caused by the negligent failure of each defendant to take reasonable care to warn, and/or by each defendant's inadequate warning to Plaintiffs' Decedent, of the danger and harm to which he was exposed while handling, using, working with, being in the vicinity, or bringing home via clothing worn at the time of work, each defendant's asbestos and/or asbestos-containing products; the negligent failure of each defendant to coat, treat, encapsulate, or otherwise process, package, and label said asbestos and asbestos products so as to prevent the generation of the deleterious and harmful particulates and dust and to warn those working with, or in the vicinity of, each defendant's asbestos and/or asbestos-containing products of the dangers of these products; and by the negligent failure of Defendants, and each of them, to specify, recommend, supply, manufacture, fabricate, design, assemble, distribute, lease, buy, sell, install, market, advertise, distribute, use, and/or handle readily available substitutes which did not pose the danger to human health.

19. As a direct and proximate result of the conduct of the defendants, and each of them, and the injuries caused thereby as aforesaid, Plaintiffs' Decedent was hurt and injured in his health, strength, and activity, sustaining serious, permanent injuries to his person, body, lungs, respiratory, and cardiovascular systems from which he ultimately died

on June 15, 2007. Plaintiffs are informed and believe, and thereon allege, that said injuries and Plaintiffs' Decedent's death are general damages of a sum which has yet to be ascertained.

20. As a direct and proximate result of the aforementioned conduct of the defendants, and each of them, and the injuries caused thereby as aforesaid, Plaintiffs' Decedent was hurt, injured in his health, strength, and activity, and ultimately died. Each aforementioned result of Defendants' conduct compelled Plaintiffs' Decedent to employ the services of hospitals, surgeons, physicians, nurses, and the like, to care for and treat Plaintiffs' Decedent, and to incur medical, hospital, professional, and incidental expenses. Plaintiffs are also informed and believe, and thereupon allege, that by reason of Plaintiffs' Decedent's said injuries and death, Plaintiffs will necessarily incur additional like expenses to be stated according to proof pursuant to California Code of Civil Procedure section 425.10.

**SECOND CAUSE OF ACTION**

(Strict Liability)

21. Plaintiffs reallege as though fully set forth at length, and incorporate herein by this reference, each and every allegation set forth above.

22. At all times mentioned herein, Defendants, and each of them, researched, tested, manufactured, designed, labeled, distributed, advertised, marketed, warranted, inspected, repaired, installed, offered for sale and/or sold to the public, to Plaintiffs' Decedent's employers, and/or to employees working in the vicinity of Plaintiffs' Decedent, asbestos and/or asbestos-containing products, with the knowledge that said products would be used and/or handled by, or in the vicinity of, Plaintiffs' Decedent, and/or persons similarly situated to Plaintiffs' Decedent, without any knowledge of said products' defects or inherent danger, and without any inspection of said products for defects.

23. In the course and scope of his employment, Plaintiffs' Decedent used, handled, and/or was exposed to each defendant's asbestos and/or asbestos-containing products without receiving any warning from said defendants that said products were

defective in nature, or that the exposure to, or utilization of, said products was dangerous to Plaintiffs' Decedent's health.

24. At all times herein mentioned and throughout the period of Plaintiffs' Decedent's use and exposure to asbestos-containing products manufactured, fabricated, designed, assembled, distributed, leased, bought, sold, installed, marketed, advertised, and/or distributed by defendants, and each of them, for ultimate use by, or in the vicinity of, Plaintiffs' Decedent, said products were defective and unsafe for their intended purposes because each of them lacked any warning of the inherent dangers contained in the use of, and/or exposure to, said products; because said products were not coated, treated, encapsulated, processed, or packaged, so as to prevent said products from being unsafe and unreasonably dangerous for their intended purpose; and because no substitute ingredient for asbestos was used so as to prevent said products from being unsafe and/or unreasonably dangerous for their intended purpose.

25. As a direct and proximate result of the above-described conduct by defendants, and each of them, Plaintiffs' Decedent suffered severe and permanent injuries to his person, and death. These allegations are incorporated herein and made a part hereof by reference.

26. With the knowledge of the hazards of exposure to asbestos, said defendants opted to manufacture, fabricate, design, assemble, distribute, lease, buy, sell, install, inspect, service, repair, market, advertise, use, and/or handle said asbestos and/or asbestos-containing products without attempting to protect Plaintiffs' Decedent, or persons similarly situated to Plaintiffs' Decedent, from the high risks of injury and death caused by exposure to each defendant's asbestos and/or asbestos-containing products. Additionally, said defendants opted to carry-out said conduct without attempting to warn Plaintiffs' Decedent, or persons similarly situated to Plaintiffs' Decedent, of said risks. Said defendants failed to reveal their knowledge of said risks, and intentionally, consciously, and/or actively concealed and suppressed said knowledge from members of the general public, Plaintiffs' Decedent's employers, and other members of the general public, thus

impliedly representing to them that Defendant's asbestos and/or asbestos-containing products were safe for reasonably, foreseeable use, while knowing said implied representations to be false, and while consciously disregarding the rights and/or safety of Plaintiffs' Decedent, Plaintiffs' Decedent's employers, and other members of the general public. Said despicable conduct of Defendants was motivated by Defendants' financial interests in continuing to recommend, supply, manufacture, fabricate, design, assemble, distribute, lease, buy, sell, install, market, advertise, distribute, use, and/or handle said asbestos and/or asbestos-containing products without interruption. In pursuance of said financial motivation, said defendants consciously disregarded the safety of Plaintiffs' Decedent and other members of the general public, and were consciously willing to permit said asbestos and/or asbestos-containing products to cause injury to said users and bystanders, including Plaintiffs' Decedent.

27. Because the above-referenced despicable conduct of said defendants was, and is, willful, malicious, outrageous, and in conscious disregard and indifference to the safety of Plaintiffs' Decedent, and other persons similarly situated to Plaintiffs' Decedent, within the meaning of Civil Code section 3294, Plaintiffs, for the sake of example, and by way of punishing said defendants, seek punitive damages according to proof.

**THIRD CAUSE OF ACTION**

(Breach of Express Warranty of Fitness
for a Particular Purpose)

28. Plaintiffs reallege, as though fully set forth at length, and incorporate herein by this reference, each and every allegation set forth above.

29. Defendants, and each of them, expressly warranted to Plaintiffs' Decedent that their asbestos, and/or asbestos-containing products, were reasonably fit for their intended use as insulation in shipbuilding, and related industries, without endangering human life.

30. Defendants, and each of them, breached the above-described express warranty in that said substances were defective and said substances' defects permitted

and/or caused said substances to cause lung disease to Plaintiffs' Decedent who used, and/or was in the vicinity of, said substances in a manner that was reasonably foreseeable by each defendant.

31. Plaintiffs' Decedent relied upon the express warranties and representations made by defendants, and each of them, regarding the reasonable fitness of asbestos and/or asbestos-containing products. Based on these false warranties and representations, Plaintiffs' Decedent was exposed to asbestos and thereby damaged by it as previously alleged.

32. As a direct and proximate result of the above-described breach of express warranty by Defendants, and each of them, Plaintiffs' Decedent suffered the injuries, damages, and death previously alleged.

33. As a direct and proximate result of the aforementioned conduct of the Defendants, and each of them, and the injuries and death caused thereby as aforesaid, Plaintiffs' Decedent was hurt and injured in his health, strength, and activity and he was compelled to, and did, employ the services of hospitals, surgeons, physicians, nurses, and the like, to care for and treat him, and did incur medical, hospital, professional, and incidental expenses.

WHEREFORE, plaintiffs pray for judgment against defendants, and each of them, as follows:

1. General damages for personal injury according to proof, in an amount within the jurisdictional limits of this court;

2. Special damages in an amount according to proof;

3. Punitive damages as to the Second Cause of Action in an amount to be proven at time of trial.

///

///

///

///

4. Costs of suit herein incurred;

5. Other and further relief as the court may deem proper.

DATED: 11/8/07

CASEY, GERRY, SCHENK,
FRANCAVILLA, BLATT & PENFIELD, LLP

By: [signature]
FREDERICK SCHENK
Attorneys for Plaintiffs

<u>*Ball, Rodney (WD Alfred)*</u>
Southern District of California Case No. 07-CV-2392-W-POR
**LexisNexis Transaction No.**

**PROOF OF SERVICE**

I am a resident of the State of California, over the age of 18 years, and not a party to the within action. My electronic notification address is service@bhplaw.com and my business address is 135 Main Street, 20th Floor, San Francisco, California 94105. On the date below, I served the following:

DEFENDANT FOSTER WHEELER ENERGY CORPORATION'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION TO REMAND (**TWO OF FIFTEEN**)

on the following:

Casey, Gerry Schenk, Francavilla, Blatt
& Penfield, LLP
110 Laurel Street
San Diego, CA 92101
Fax: (619) 544-9232

o By transmitting via facsimile the document(s) listed above to the fax number(s) set forth above on this date before 5:00 p.m.

o By placing the document(s) listed above in a sealed envelope and placing the envelope for collection and mailing on the date below following the firm's ordinary business practices. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal service on the same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

o By placing the document(s) listed above in a sealed envelope designated for Federal Express overnight delivery and depositing same with fees thereupon prepaid, in a facility regularly maintained by Federal Express, addressed as set forth above.

**X** by causing personal delivery of the documents(s) listed above to the person(s) at the address(es) set forth above. (**Plaintiff Only**)

I declare under penalty of perjury that the above is true and correct. Executed on February 4, 2008, at San Francisco, California.

Wanda D. Claudio
Wanda D. Claudio