FREDERICK SCHENK, Bar No. 086392
JESSICA E. KLARER, Bar No. 249212
**CASEY, GERRY, SCHENK,**
**FRANCAVILLA, BLATT & PENFIELD LLP**
110 Laurel Street
San Diego, CA 92101
Telephone: (619) 238-1811
Facsimile: (619) 544-9232

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RODNEY C. BALL, individually and as Special Administrator of the Estate of ALFRED C. BALL; and REGINALD K. BALL, an individual,<br><br>Plaintiffs,<br>v.<br><br>UNION CARBIDE CORPORATION, a corporation; FOSTER WHEELER ENERGY CORPORATION, a corporation, formerly known as FOSTER WHEELER CORPORATION, a corporation; GARLOCK, INC., a corporation; OWENS ILLINOIS, INC., a corporation; RAPID AMERICAN CORPORATION, a corporation; and DOES 1 through 150, inclusive,<br><br>Defendants. | (ASBESTOS)<br><br>U.S.D.C. 07CV2392WPOR<br><br>San Diego Superior court Case No. 37-2007-00081444-CU-PO-CTL<br><br>REPLY TO DEFENDANT FOSTER WHEELER ENERGY CORPORATION'S UNTIMELY SUPPLEMENTAL MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION TO REMAND<br><br>Motion Date: February 19, 2008<br>Dept.: D-7<br>Time: 10:30 am<br>Judge: Honorable Thomas J. Whelan<br>[No oral argument per local rules] |

Plaintiffs object to the Defendant's Supplemental Memorandum of Law in Opposition to Plaintiffs' Motion to Remand in its entirety. The Supplemental Memorandum is absolutely inappropriate because not only is it untimely–filed a day AFTER the hearing date and 14 days AFTER the motion cut-off date–but it attempts to unfairly prejudice this Court with issues the Defendant knew about AND should have

addressed BEFORE the hearing date.

The Defendant failed to follow the United States District Court, Southern District of California Local Rules and file this supplemental memorandum by February 5, 2008. (All oppositions must be filed 14 calendar days prior to noticed hearing. CivLR 7.1e2). The Defendant filed its untimely pleading on February 20, 2008, a day after the noticed hearing. Defendant may argue inability to file in accordance with the 14 day rule because the decisions were handed down after February 5, 2008. However, the Court decided both cases before the hearing date and yet Defendant failed to seek leave of this Court before the hearing date to file its errant motion. (*Obestar v. General Electric Co., et al.* (C.D.Cal., Feb.11, 2008, Civ. A. No. CV08-118 PA(JWJx); *Nelson v. Foster Wheeler et. al.* (C.D.Cal., Feb. 8, 2008, Civ. A. No. 07-8338VBF). Defense counsel is well versed in the Rules of Civil Procedure as well as the Local Rules of Court. Plaintiff can only assume Defendant's tardiness and inactivity is evidence of an underhanded attempt to sway this Court in its favor . Furthermore, the Defendant's tardiness is so inexcusable because the Defendant is a party in one of the cases cited. The Defendant received notice of the decision when it was handed down on February 8, 2008, more than 10 days before the hearing date in this case.

Even if the Court were to allow the Defendants to file this untimely pleading, both of the cases cited are not reported and are not binding on this Court. (*Obestar v. General Electric Co., et al.* (C.D.Cal., Feb.11, 2008, Civ. A. No. CV08-118 PA(JWJx); *Nelson v. Foster Wheeler et. al.* (C.D.Cal., Feb. 8, 2008, Civ. A. No. 07-8338VBF). The decisions in question did not result in any published opinions. Though the Federal Rule of Appellate Procedure 32.1 allows cites to unpublished orders, without subject matter jurisdiction this is a state case and California Rules of Court, Rule 8.1115 does not allow cites to unpublished orders. Since the Defendant has yet to establish federal subject matter jurisdiction, the Defendant's cited cases should not be persuasive or binding on this Court.

Defendant failed twice to produce the specific military specifications for the USS

Dale to prove Defendant was acting under the direct control and oversight of the Navy, that it has a colorable defense and that there was a causal nexus. Instead of supplementing the opposition with specifics, the Defendant inappropriately filed an untimely pleading that cites to unpublished opinions. Defendant opines these unpublished opinions gives the right for Defendant to claim that specifications exist without producing them. However, a "colorable" federal defense cannot exist without the evidence to support it. *Boyle v. United Technologies Corp.*, (1988) 487 U.S. 500, 512. According to the Court in the *Nelson* order,(citing Defendant) "the government contractor defense is available in a failure to warn case where there is *evidence* that the government was involved in the decision to give, or not to give, a warning." (*Nelson v. Foster Wheeler et. al.* (C.D.Cal., Feb. 8, 2008, Civ. A. No. 07-8338VBF); *Kerstetter v. Pacific Scientific Co.*, 210 F.3d 431, 438 (5th Cir.), *cert. denied* 531 U.S. 919 (2000) *emphasis added*). Defendant produced no such *evidence*. In prior cases, Defendant uses the same generic affidavits to support its defense because prior Plaintiffs could not reliably identify which specific ships they were on which exposed them to Defendant's boilers. In the present instance however, it is established Plaintiff's decedent was aboard the USS Dale, and that Defendant's boiler was on board. (See Exhibit "A"). Defendant should be forced to respond to the specifics of the present case in order to demonstrate a "colorable" defense. To allow Defendant the use of the same generic affidavits to apply to this specific case would be prejudicial to the Plaintiff and not within the spirit of the law.

Defendant's meritless posturing and empty promise–that it would produce the specifics only if the Plaintiffs had been forthcoming with the ships name–are exposed. Despite receiving the ship's name AND multiple chances to produce the specific specifications, the Defendant remains recalcitrant and hopes this Court will bail them out of their bluff. But without the specific specifications for the USS Dale, the Defendant's recycled "colorable" federal defense claim fails. Ultimately the Defendant has reinforced the Plaintiff's position that Defendant fails to have the evidence to

establish that the Navy prohibited Defendant from discharging its state law duty to warn.

## CONCLUSION

Plaintiffs respectfully ask the Court to strike the Defendant's pleading and disregard any of the arguments presented therein. The Plaintiffs further request that this Court remand to California State District Court for lack of subject matter jurisdiction.

DATED: February 21, 2008

Respectfully submitted,

By: /S/

FREDERICK SCHENK, CA Bar No. 086392
Attorneys for Plaintiff
CASEY, GERRY, SCHENK,
FRANCAVILLA, BLATT & PENFIELD LLP
110 Laurel St
San Diego, CA 92101
619-238-1811
619-544-9232 (Fax)

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Plaintiffs' Reply to Defendant Foster Wheeler Energy Corporation's Untimely Supplemental Memorandum of Law in Opposition to Plaintiffs' Motion for Remand was served on all counsel of record on February 21, 2008.

-------------/S/-------------------------------------

Frederick Schenk