**BEFORE THE JUDICIAL PANEL**

**ON MULTIDISTRICT LITIGATION**

In re Asbestos Products Liability Litigation (No. VI) MDL Docket No. 875

**NOTICE OF OPPOSITION**

**TO CONDITIONAL TRANSFER ORDER**

| | |
|---|---|
| RODNEY C. BALL, individually and as Special Administrator of the Estate of ALFRED C. BALL; and REGINALD K. BALL, an individual,<br><br>Plaintiffs<br><br>vs.<br><br>UNION CARBIDE CORPORATION, a corporation; FOSTER WHEELER ENERGY CORPORATION, a corporation, formerly known as FOSTER WHEELER CORPORATION, a corporation; GARLOCK, INC., a corporation; OWENS ILLINOIS, INC., a corporation; RAPID AMERICAN CORPORATION, a corporation; and DOES 1 through 150, inclusive,<br><br>Defendants. | U.S.D.C. 07CV2392WPOR<br><br>San Diego Superior court Case No. 37-2007-00081444-CU-PO-CTL<br><br>**United States District Court for the Southern District of California**<br><br>Judge: The Honorable Thomas J. Whelan |

Plaintiffs oppose the transfer of the above-captioned case to the United States District Court for the District for the Eastern District of Pennsylvania pursuant to 28 U.S.C. §1407 as conditionally ordered by the Judicial Panel on Multidistrict Litigation on February 26, 2008.

Pursuant to Rule 7.4(d) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, a Motion to Vacate the Conditional Transfer Order and a supporting brief will be timely filed.

DATED: 3/11/08

CASEY, GERRY, SCHENK,
FRANCAVILLA, BLATT & PENFIELD LLP

By: ____________________
FREDERICK SCHENK
Bar No. 086392

**CASEY, GERRY, SCHENK,**
**FRANCAVILLA, BLATT & PENFIELD LLP**
110 Laurel Street
San Diego, CA 92101
Telephone: (619) 238-1811
Facsimile: (619) 544-9232

Attorneys for Plaintiffs
RODNEY C. BALL
REGINALD K. BALL

**BEFORE THE JUDICIAL PANEL**

**ON MULTIDISTRICT LITIGATION**

In re Asbestos Products Liability Litigation (No. VI) MDL Docket No. 875

This Document also relates to:

RODNEY C. BALL, individually and as Special Administrator of the Estate of ALFRED C. BALL; and REGINALD K. BALL, an individual, v. UNION CARBIDE CORPORATION, a corporation; FOSTER WHEELER ENERGY CORPORATION, a corporation, formerly known as FOSTER WHEELER CORPORATION, a corporation; GARLOCK, INC., a corporation; OWENS ILLINOIS, INC., a corporation; RAPID AMERICAN CORPORATION, a corporation; and DOES 1 through 150, inclusive,

Case No. U.S.D.C. 07CV2392WPOR

**MOTION TO VACATE**

**CONDITIONAL TRANSFER ORDER**

---

Plaintiffs RODNEY C. BALL and REGINALD K. BALL, pursuant to Rule 7.4(d) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, hereby move the Panel to vacate its order of February 26, 2008 conditionally transferring the above-

captioned case to the United States District Court for the District for the Eastern District of Pennsylvania. This motion is based upon the Memorandum in Support of Motion to Vacate Conditional Transfer Order and such additional materials as may properly be presented to the Panel at the time of hearing on the motion.

Pursuant to Rule 7.4(d), Plaintiff requests the Clerk to set this motion on for hearing at the next session of the Panel.

DATED: 3/11/08

CASEY, GERRY, SCHENK,
FRANCAVILLA, BLATT & PENFIELD LLP

By: ______________________
FREDERICK SCHENK
Bar No. 086392

**CASEY, GERRY, SCHENK,**
**FRANCAVILLA, BLATT & PENFIELD LLP**
110 Laurel Street
San Diego, CA 92101
Telephone: (619) 238-1811
Facsimile: (619) 544-9232

Attorneys for Plaintiffs
RODNEY C. BALL
REGINALD K. BALL

**BEFORE THE JUDICIAL PANEL**

**ON MULTIDISTRICT LITIGATION**

In re Asbestos Products Liability Litigation (No. VI) MDL Docket No. 875

This Document also relates to:

RODNEY C. BALL, individually and as Special Administrator of the Estate of ALFRED C. BALL; and REGINALD K. BALL, an individual, v. UNION CARBIDE CORPORATION, a corporation; FOSTER WHEELER ENERGY CORPORATION, a corporation, formerly known as FOSTER WHEELER CORPORATION, a corporation; GARLOCK, INC., a corporation; OWENS ILLINOIS, INC., a corporation; RAPID AMERICAN CORPORATION, a corporation; and DOES 1 through 150, inclusive,

Case No. U.S.D.C. 07CV2392WPOR

**MEMORANDUM IN SUPPORT OF**

**MOTION TO VACATE CONDITIONAL TRANSFER ORDER**

---

**INTRODUCTION**

Plaintiff Alfred C. Ball died of, mesothelioma, an "invariably fatal cancer...for which asbestos exposure is the only known cause..." In re Patenaude, 210 F.3d 135, 138 (3d Cir.), cert. denied, 531 U.S. 1011 (2000). It kills its victims "generally within two years of diagnosis[,]" during which "[m]esothelioma victims invariably suffer great pain



Casey, Gerry, Reed & Schenk

and disability." Georgine v. Amchem Prods., Inc., 83 F.3d 610, 633 (3d Cir.), aff'd, 521 U.S. 591 (1997). Plaintiff Alfred C. Ball served in the United States Navy from 1955 to 1969 as an engineer and boiler technician aboard the USS Dale, which contained Foster Wheeler Energy Corporation (hereinafter "Foster Wheeler") boilers. During his time aboard the USS Dale he was exposed to asbestos. Plaintiff Alfred C. Ball was diagnosed in May of 2007 and died in June of 2007.

Because complete diversity is absent among the parties (both Plaintiffs BALL are California residents and Defendants are corporations incorporated in California, are doing business in California, or regularly conducted business in California), this matter was originally filed in the Superior Court of the State of California for the City and County of San Diego on November 8, 2007. On December 20, 2007 Foster Wheeler without basis removed this case to the United States District Court, Southern District of California (herein after "District Court"), alleging they were acting under an officer of the United States within the meaning of 28 U.S.C. §1442 (a)(1) .

Recognizing that the District Court did not have subject-matter jurisdiction, Plaintiffs filed a Motion to Remand on January 16, 2008. Defendant Foster Wheeler cannot present admissible evidence that it was acting under an officer of the United States within the meaning of 28 U.S.C. §1442 (a)(1). Foster Wheeler opposed the Motion to Remand on February 4, 2008 and Plaintiffs filed a reply to Foster Wheeler's opposition on February 12, 2008. The Motion to Remand motion date was February 19, 2008 and the District Court did not publish an order on that date. On February 20, 2008, a day after the motion date and 14 days after the motion cut-off date, Foster Wheeler filed an untimely Supplemental Memorandum of Law in Opposition to Plaintiffs' Motion to Remand. On February 21, 2008 Plaintiffs filed a reply to Foster Wheeler's untimely Supplemental Memorandum of Law in Opposition to Plaintiffs' Motion to Remand. The District Court has still not ruled on the motion. Despite the pending order, the JPML notified involved counsel on February 26, 2008 that they were transferring this action as a tag-along to the asbestos litigation now pending in the

United District Court for the Eastern District of Pennsylvania, MDL No. 875 and that a 15 day stay would be placed on the transmittal of the conditional transfer order. On March 6, 2008 the District Court filed an order vacating the March 4, 2008 Settlement Conference and all other dates.

Plaintiffs object to the transfer of this case to Multidistrict Litigation (MDL) proceeding in the Eastern District of Pennsylvania and ask this court to vacate the Conditional Transfer Order (hereinafter "CTO") so they may immediately bring their Motion to Remand in District Court and return to state court where this case belongs.

## ARGUMENT

### I. This panel should vacate the conditional transfer order because a transfer to the MDL will not promote the just and efficient conduct of this action.

A conditional transfer order issued by the MDL does not divest the District Court of jurisdiction of pending pre-trial motions. Rule 1.5, Rules of Procedure of the Judicial Panel on Multidistrict Litigation. Other District Courts have heard, consistent with the underlying policies/statute governing the JPML, Motions to Remand, despite a pending CTO, where doing so was in the interest of justice and efficiency. See, e.g., Knutson v. Allis-Chalmers Corp., 359 F.Supp.2d 983, 987-88 (D.Nev.2005) (the court addressed and granted the plaintiff's motion to remand after the MDL Panel issued a CTO to the transferee court, which was opposed by the plaintiff); Morgan v. Asbestos Defendants, No. C 02-05761 WHA, 2003 WL 945987 (N.D.Cal. Feb.28, 2003); Teague v. Bell Helicopter Serv., Inc., No. 4:03-CV-004-A, 2003 WL 21135481 (N.D.Tex. Feb.12, 2003); Freiberg v. Swinerton & Walberg Prop. Serv., Inc., 245 F.Supp.2d 1144 (D.Colo.2002); Arsenault v. Congoleum Corp., 2002 WL 472256 (S.D.N.Y. Mar.26, 2002). In addition, the MDL Panel encouraged the district court to resolve the issue of remand before it transferred the case to the MDL. Vansura v. ACANDS, 84 F.Supp.2d 531, 533 (S.D.N.Y.2000). Mauck v. Warner-Lambert

Co., 7:01-CV-027-R 2001 US Dist Lexis 5919, at *5 (N.D. Tex. May 4, 2001) . Therefore this court should instruct the District Court to hear the Plaintiffs' Motion to Remand by vacating the CTO because it is consistent with the policies underlying the JPML.

In deciding whether to transfer a case to a consolidated district, the Judicial Panel on Multidistrict Litigation must make a threshold determination that [such a transfer] will be for the **convenience of parties** and witnesses and will **promote the just and efficient conduct** of such actions.@ 28 U.S.C. section 1407(a) (1994) (emphasis added). Upon receipt of facts that a transfer will neither convenience the parties and witnesses nor promote just and efficient conduct of the litigation the JPML must vacate the conditional transfer order. In re Air Crash Disaster Near Upperville, Va. on December 1, 1974, 430 F. Supp. 1295, 1297 (Jud. Pan. Mult. Lit. 1977).

In Mauck v. Warner-Lambert Co. the plaintiff sought to have the court hear her Motion to Remand before the case was to be transferred to the JPML via a CTO. 7:01-CV-027-R2001 US Dist Lexis 5919, at *3-5 (N.D. Tex. May 4, 2001). The court properly heard the plaintiff's remand motion despite the pending CTO. Id. at *7. The court reasoned that it would hear plaintiff's "seemingly straightforward motion" because "**justice** and **efficiency** weigh[ed] in favor of considering the [p]laintiff's Motion in an expedited fashion so that, if the federal courts **do not have subject matter jurisdiction over this case**, it can be returned to the [state] courts for disposition." Id. at *6-7 (emphasis added).

Similarly here, **justice** and **efficiency** require Plaintiffs' motion to vacate be granted so the District Court can hear Plaintiff's straightforward Motion to Remand in an expedited fashion. Requiring the Plaintiffs to wait months to bring their Motion to Remand before the District Court in Pennsylvania when the District Court could hear and rule on this simple motion **immediately** is inconsistent with the demands of **justice** and **efficiency**. This is especially egregious in this case as a plain reading of Plaintiffs' Complaint and Motion to Remand illustrate there was no proper basis for removal in the first place. Therefore Plaintiffs asks this court to vacate the CTO so the District Court will lift its stay and hear Plaintiffs' straightforward Motion to Remand.

**II. Transfer is inappropriate because the District Court does not have jurisdiction over the subject matter of this case**

Transfer under 28 U.S.C. Sec. 1407 is only proper when the District Court (transferor court) has subject matter jurisdiction over the case. BancOhio Corp. v. Fox, 516 F.2d 29, 32 (6th Cir. 1975). This District Court does not have subject matter jurisdiction over this case as the Plaintiffs, California residents, have properly alleged only state law causes of action against Foster Wheeler, a corporation regularly doing business in California, and there are no federal questions at issue. See 28 U.S.C. Sec. 1331 (1994); 28 U.S.C. Sec. 1332 (1994).

The removal statutes are construed restrictively, and any doubts about removability are resolved in favor of remanding the case to state court. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir.1992). On a motion to remand, the removing defendant faces a strong presumption against removal, and bears the burden of establishing that removal was proper by a preponderance of evidence. Id. at 567; Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 403-04 (9th Cir.1996). Foster Wheeler has not met their burden.

Defendant Foster Wheeler removed this case from California state court to the United States District Court for the Southern District of California invoking the Court's federal jurisdiction by alleging that Foster Wheeler was acting under a federal officer of the United States withing the meaning of 28 U.S.C. §1442(a)(1). Federal officer jurisdiction however does not exist in this case. To prevail in a §1442(a)(1) removal action, Foster Wheeler must (1) demonstrate that it acted under the direction of a federal officer, (2) raise a colorable defense to Plaintiffs' claims, and (3) demonstrate a causal nexus between Plaintiffs' claims and acts it performed under color of federal office. Order at 2, citing Mesa v. California, 489 U.S. 121, 124-25 (1989); Fung v. Abex Corp., 816 F.Supp. 569, 571 (N.D. Cal. 1992).

Here, the "causal nexus" and "colorable federal defense" inquires lead to the same conclusion: since defendant cannot demonstrate that the Navy required it to (1) sell any products to the Navy at all, (2) include asbestos insulation on those products, or (3) omit warnings of the dangers of asbestos exposure, the defendant did not act at the direction of a federal officer in any relevant regard. Simply put, because the federal government never approved, specified, or prohibited warnings regarding asbestos on defendant's products it cannot claim the protection of the defense. Therefore, Foster Wheeler has not asserted a causal nexus or a colorable federal defense that would support the Court's exercise of subject matter jurisdiction.

The modern standard for the government contractor defense was announced by the U.S. Supreme Court in Boyle v. United Technologies Corp., 487 U.S. 500 (1988), requiring defendants to demonstrate that the government (1) approved reasonably *precise* specifications, (2) the equipment conformed to those specifications, and (3) the supplier warned the United States about the danger in the use of the equipment that were known to the supplier but not to the United States. Id at 512 (emphasis added). After hundreds of pages of attached exhibits to two replies, one untimely, submitted by Foster Wheeler in response to Plaintiffs' Motion to Remand, Foster Wheeler failed to provide any precise specifications for the boilers made for the USS Dale. Ultimately Foster Wheeler reinforced the Plaintiffs' position that Foster Wheeler fails to have the evidence to establish that the Navy prohibited them from discharging its state law duty to warn.

The asserted grounds for subject matter jurisdiction are meritless and are a means to delay the resolution of this case. Foster Wheeler has not provided any admissible evidence that the Navy prohibited them from discharging their state law duty to warn and as a result have failed to present a colorable defense. The District Court has yet to rule on the Plaintiffs' Motion to Remand and staying this case and transferring it will only unjustly delay its ultimate remand.

Therefore transfer is inappropriate because the District Court lacked requisite

subject matter jurisdiction over this case to properly transfer it and the JPML should, as a result, vacate the CTO. BancOhio Corp. v. Fox, 516 F.2d 29, 32 (6th Cir. 1975).

## CONCLUSION

Vacating this CTO will allow the District Court in California to rule on Plaintiffs' Motion to Remand. An immediate ruling on Plaintiffs' straightforward remand motion is in the best interest of justice and efficiency. Additionally, vacating the CTO is proper because the District Court lacked the requisite subject matter jurisdiction to transfer this case. Therefore this court should grant this motion and vacate the CTO.

DATED: 3/11/08

CASEY, GERRY, SCHENK,
FRANCAVILLA, BLATT & PENFIELD LLP

By: ______________________
FREDERICK SCHENK
Bar No. 086392

**CASEY, GERRY, SCHENK,**
**FRANCAVILLA, BLATT & PENFIELD LLP**
110 Laurel Street
San Diego, CA 92101
Telephone: (619) 238-1811
Facsimile: (619) 544-9232

Attorneys for Plaintiffs
RODNEY C. BALL
REGINALD K. BALL

FREDERICK SCHENK, Bar No. 086392
CASEY, GERRY, SCHENK, FRANCAVILLA, BLATT & PENFIELD, LLP
110 Laurel Street
San Diego, CA 92101
619/238-1811

UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF CALIFORNIA

PLAINTIFF: RODNEY C. BALL, ET AL.
DEFENDANT: UNION CARBIDE CORPORATION, ET AL.
CASE NO.: O7 CV 2392 W POR

I, the undersigned, declare that I am over the age of 18 years of age and not a party to this case; I am employed in, or am a resident of, the County of San Diego, California where the mailing occurs and my business address is 110 Laurel Street, San Diego, CA.

I further declare that I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service; and that the correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business.

I caused to be served the following documents:

**NOTICE OF OPPOSITION TO CONDITIONAL TRANSFER ORDER; MOTION TO VACATE CONDITIONAL TRANSFER ORDER; MEMORANDUM IN SUPPORT OF MOTION TO VACATE CONDITIONAL TRANSFER ORDER**

(X)by placing copies of each document in a separate envelope addressed to each addressee, respectively as follows:

Jayme Long, Esq.
McKenna, Long & Aldridge
444 S. Flower Street, 8th Floor
Los Angeles, CA 90071-2901
(213) 688-1000
Fax: (213) 243-6330
UNION CARBIDE

Ivor E. Samson, Esq.
Sarah Ratcliffe, Esq.
525 Market Street, 26th Floor
San Francisco, CA 94105-2708
(415) 882-5000
Fax: (415) 882-0300
RAPID AMERICAN CORPORATION

David M. Glaspy, Esq.
Brian S. O'Malley, Esq.
Law Offices of Glaspy & Glaspy
100 Pringle Avenue, Suite 750
Walnut Creek, CA 94596
(925) 947-1300
Fax: (925) 947-1594
GARLOCK

Thomas Moses, Esq.
Brydon Hugo & Parker
135 Main Street, 20th Floor
San Francisco, CA 94105
Fax: (415) 808-0333
FOSTER WHEELER

John J. Petry, Esq.
Schiff Hardin, LLP
One Market, Spear Street Tower
Thirty-Second Floor
San Francisco, CA 94105
Fax: (415) 901-8701
OWENS ILLINOIS

I then sealed each envelope and, with postage thereon fully prepaid.

( ) I placed each for deposit in the United States Postal Service, this same day, at my business address shown above, following ordinary business practices.

(X) This document was faxed to all counsel

Executed on March 11, 2008

Andrew B. Duckworth

SUPCT 9A(Rev.9-92) PROOF OF SERVICE BY MAIL