A CERTIFIED TRUE COPY
ATTEST
By Teresa Bishop on Jun 06, 2008
FOR THE UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

A TRUE COPY CERTIFIED TO FROM THE RECORD
DATED 6/6/08
ATTEST: Tom Dempsey
DEPUTY CLERK, UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
Jun 06, 2008
FILED
CLERK'S OFFICE

FILED
JUN 13 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY DEPUTY

**UNITED STATES JUDICIAL PANEL**
**on**
**MULTIDISTRICT LITIGATION**

**IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (No. VI)**

MDL No. 875

07cv2392 W (POR)

**TRANSFER ORDER**

**Before the entire Panel***: Plaintiffs in eight actions listed on Schedule A and pending in the Central District of California (three actions), Southern District of California, Middle District of Florida, Southern District of Florida (two actions), and District of Rhode Island, respectively, have moved, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), to vacate the respective portions of our orders conditionally transferring the actions to the Eastern District of Pennsylvania for inclusion in MDL No. 875. Responding defendants[1] oppose the motions to vacate.

After considering all argument of counsel, we find that these actions involve common questions of fact with actions in this litigation previously transferred to the Eastern District of Pennsylvania, and that transfer of these actions to the Eastern District of Pennsylvania for inclusion in MDL No. 875 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. We further find that transfer of these actions is appropriate for reasons that we set out in our original decision in this docket directing centralization of all pending federal court actions not then in trial involving allegations of personal injury or wrongful death caused by asbestos or asbestos containing products. *See In re Asbestos Products Liability Litigation (No. VI)*, 771 F.Supp. 415 (J.P.M.L. 1991). Particularly, in our original decision distinctions based on such matters as the pendency of motions or other matters before the transferor court,[2] the uniqueness of a party's status,

---

* Judge Heyburn took no part in the disposition of this matter. Judge Motz took no part in the disposition of this matter with respect to the Central District of California *Dyer*, Southern District of Florida *Marley* and *Papp*, and District of Rhode Island *Kortekamp* actions.

[1] Foster Wheeler Energy Corp. (with respect to the Central District of California *Dyer* and *Munn* actions and the Southern District of California *Ball* action); Viad Corp. (with respect to the Central District of California *Munn* actions and the Southern District of Florida *Marley* and *Papp* actions); Lorillard Tobacco Co. (with respect to the Middle District of Florida *Krause* action); Elliott Turbomachinery Co., Inc. (with respect to the Southern District of Florida *Marley* action); and General Electric Co. (with respect to the District of Rhode Island *Kortekamp* action).

[2] Certain plaintiffs argue that transfer of their actions should be denied or deferred in order to permit the resolution of motions to remand the actions to state court. There is no need to delay transfer in order to accommodate such an interest. We make the following observations: (1) as a (continued...)

the type of defendant, the docket condition of any specific federal district, the stage of pretrial proceedings, the presence of unique claims or additional claims not relating to asbestos injury or death, and/or the unanimity of opposition to transfer by the parties to an action, were considered and rejected by us as grounds for carving out exceptions to transfer in this extraordinary docket.[3] We are not persuaded to depart from this approach in dealing with the question of transfer of the present actions.

Under the stewardship of the transferee court, as of June 2, 2008, (1) over 77,000 actions have been closed in the transferee district, and (2) over 1,375 actions or claims therein have been returned to their originating transferor districts. To any parties that believe the uniqueness of their particular situation renders continued inclusion of their action in MDL No. 875 unnecessary or inadvisable, whenever the transferee court deems remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay.[4] *See* Rule 7.6, R.P.J.P.M.L., 199 F.R.D. at 436-38. We are confident that the transferee court will continue to promptly review arguments for returning transferred actions or claims to their transferor courts and will take all appropriate steps to assure their speedy return whenever it is convinced that retention in MDL No. 875 proceedings is no longer needed.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, these eight actions are transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the

---

[2](...continued)
practical matter, there is a lag time of at least three or four months from the filing of an action, its identification as a potential tag-along action, issuance of a conditional transfer order (CTO), stay of transfer when a party timely objects to the conditional transfer, briefing on the question of transfer, the Panel hearing session, and the issuance of the Panel's subsequent order; (2) Panel Rule 1.5, R.P.J.P.M.L., 199 F.R.D. at 427, expressly provides that the pendency of a CTO does not in any way (a) suspend orders and pretrial proceedings in the district court in which the action that is the subject of the CTO is pending, or (b) limit the pretrial jurisdiction of that court; and (3) accordingly, those courts wishing to address such motions have adequate time in which to do so, while those courts concluding that such issues should be addressed by the transferee judge need not rule on them, and the process of Section 1407 transfer in MDL No. 875 can continue without any unnecessary interruption or delay.

[3] We have also previously rejected the contention, which is again raised by plaintiffs in the three Florida actions here, that "the way in which MDL-875 is being administered effectively denies [plaintiffs] their constitutional right to a jury trial." *In re Asbestos Products Liability Litigation (No. VI)*, 170 F.Supp.2d 1348, 1349 (J.P.M.L. 2001).

[4] We note, for example, that on May 7, 2008, we remanded, on the transferee court's suggestion, an Eastern District of Louisiana action that had been transferred to the MDL – over the plaintiff's objection – only in October of last year. *See Leigh Cole, Sr. v. Northrop Grumman Ship Systems, Inc., et al.*, C.A. No. 2:07-3049. Although the number of Section 1407 remands in MDL No. 875 is proportionately small, this is only because under the transferee court's stewardship, the vast majority of transferred actions have been able to be concluded in the transferee district during the course of pretrial proceedings. *See In re Asbestos Products Liability Litigation (No. VI)*, 170 F.Supp.2d at 1349-50.

Honorable James T. Giles for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

PANEL ON MULTIDISTRICT LITIGATION

D. Lowell Jensen
Acting Chairman

John G. Heyburn II, Chairman*
Robert L. Miller, Jr.
David R. Hansen

J. Frederick Motz*
Kathryn H. Vratil
Anthony J. Scirica

**IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (No. VI)**

MDL No. 875

**SCHEDULE A**

Central District of California

Jerry Dyer, et al. v. Alfa-Laval, Inc., et al., C.A. No. 2:07-7959
Ted Munn, et al. v. CLA-VAL Co., et al., C.A. No. 2:08-248
Ted Munn, et al. v. CLA-VAL Co., et al., C.A. No. 2:08-282

Southern District of California

Rodney C. Ball, et al. v. Union Carbide Corp., et al., C.A. No. 3:07-2392

Middle District of Florida

Phyllis Krause, etc. v. Bondex International, Inc., et al., C.A. No. 8:07-1954

Southern District of Florida

Charles G. Papp, et al. v. Alfa Laval, Inc., et al., C.A. No. 0:07-61827
David A. Marley, et al. v. Elliott Turbomachinery Co., Inc., et al., C.A. No. 1:07-23042

District of Rhode Island

Todd Kortekamp, et al. v. 3M Co., et al., C.A. No. 1:08-43

*MICHAEL E. KUNZ*
*CLERK'S OFFICE*
*CLERK OF COURT*

*ROOM 2609*
*(267) 299-7018*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA
U.S. COURT HOUSE
601 MARKET STREET
PHILADELPHIA 19106-1797

IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION
MDL 875

Dear Clerk:

The enclosed Transfer Order is being sent to you regarding the involved actions listed on the schedule. These case(s) have been properly identified as multi district litigation asbestos cases. However, pursuant to the opinion and order of 7/29/91, 771 F.Supp. 415, our court is not accepting the original records and/or docket responsibility on the involved 93,000 actions.

**PLEASE DO NOT FORWARD A CERTIFIED DOCKET OR A CERTIFIED COPY OF THE TRANSFER ORDER TO THIS DISTRICT.**

Please continue to process the litigation in your court, per the opinion, pretrial and administrative orders. If you have any questions please contact me at (267) 299-7018.

Sincerely,

MICHAEL E. KUNZ
Clerk of Court

Tom Dempsey

Tom Dempsey
MDL Docketing Clerk

Enclosure